**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**


**JAMES MORRIS,**

          **Petitioner,**

**v.**                                        **CIVIL ACTION NO.  3:06-cv-26**
                                             **(Judge Bailey)**

**JOYCE FRANSIC,**

          **Respondent.**


## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge James E. Seibert.  By standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R").  The magistrate judge filed his R&R on June 25, 2007 [Doc. 12].  The petitioner filed objections to the R&R on July 5 and 13, 2007 [Docs. 13 and 14].  In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

On July 15, 2003, Mr. Morris, an inmate at FCI Gilmer, called an individual who he directed to complete a third-party call.  Morris claims that the three-way call was established with his attorney, who he calls, "Shaw."  At subsequent disciplinary proceedings, Morris admitted to making the unauthorized three-way call, but stated that he did not know that doing so violated correctional facility regulations.

In his Objections, the petitioner restates an argument that the telephone abuse infraction he committed should have been counted as a Code 397 three-way calling violation

under 28 C.F.R. § 541.13, not as the Code 297 violation with which he was charged. Morris seems to rely upon the descriptions of Use of the Telephone for Abuses other than Criminal Activity that include "third-party calling" under Code 297 and "three-way calling" under Code 397, to argue that he was erroneously charged with "third-party calling" when he committed the offense of "three-way calling." The Court does not find the petitioner's reliance upon the distinction a compelling argument.

The petitioner's objections fail to address this basis of the Magistrate Judge's Recommendation. The R&R addressed the Bureau of Prisons' (BOP) election to charge Morris with a more serious, "High Category Offense," and the associated penalties under Code 297. In his R&R, the Magistrate Judge cited Warden Fransic's response, that "use of the telephone for abuses other than criminal activity" is covered by both Code 297 and Code 397. The reporting officer exercises discretion in determining which code to assign to a given violation.

In Morris' case, the BOP's discretion was appropriately applied to the offense conduct he admitted. Similar acts of third-party or three-way calling were charged under Code 297 in twenty-four of twenty-five three-way calling cases at FCI Gilmer from 2003 through August 2006. *Declaration of Deborah Livingston*, Document No. 7-2 at 1. The Bureau of Prisons uniformly applied its discretion in classifying the petitioner's conduct as a violation of Code 297; therefore, no discrimination or procedural violation has been demonstrated by the petitioner.

Accordingly, the Court is of the opinion that the Magistrate Judge's Report and Recommendation [Doc. 12] should be, and is, hereby **ORDERED** adopted. The Court **ORDERS** that the Petition [Doc. 1] be **DENIED and DISMISSED With Prejudice** based on

the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 12].  It is further **ORDERED** that this action be, and is, hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record in this matter.

**DATED:** August 10, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE